An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GINGER ANGELA GRAVES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM S. POTTER, DISTRICT
JUDGE,
Respondents,
and
KENNETH H. KUYKENDALL,
Real Party in Interest.

No. 68669

**FILED**

AUG 2 8 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus or prohibition challenging a district court order that directed the children's return to Las Vegas pending an evidentiary hearing on custody and relocation.

Petitioner Ginger Angela Graves and real party in interest Kenneth H. Kuykendall divorced in 2010, and under their divorce decree, Graves has primary physical custody of their two minor children, with Kuykendall exercising visitation. After Graves relocated with the children from Las Vegas to Reno in July 2015, Kuykendall filed a motion to hold her in contempt and to modify child custody. Graves did not timely oppose the motion or appear at the initial hearing, but did make an untimely request for an extension of time citing serious health issues with her counsel, which the district court accepted. At the subsequent hearing, Graves proceeded without representation, and after hearing statements from both parties, the district court ordered Graves to return the children

SUPREME COURT
OF
NEVADA

(O) 1947A

15-26222

to Las Vegas pending the November 2015 evidentiary hearing on custody. The court determined that the divorce decree required an agreement or court order before changing the children's school and Graves had no written consent from Kuykendall. Although the court ordered that the custody arrangement would remain the same if Graves returned to Las Vegas along with the children, she indicated she had sold her home and had no ability to return, and thus, the children would likely reside primarily with Kuykendall until the hearing.

In this writ petition, Graves seeks a stay of the district court's order, thereby allowing the children to remain with her in Reno pending the evidentiary hearing on custody and relocation. Having considered the parties' arguments and the documentation before this court, we conclude that the petition should be granted. While we do not condone an unauthorized relocation, the record indicates that Graves consulted with Kuykendall about the relocation, although the parties dispute the extent to which he acquiesced or objected, and the divorce decree did not require *written* consent to change the children's school. Moreover, even if Graves' intrastate relocation violated the decree, Kuykendall did not demonstrate that relocating the children again and modifying custody was the appropriate remedy. *See Sims v. Sims*, 109 Nev. 1146, 1149, 865 P.2d 328, 330 (1993) (recognizing that a court may not modify custody to punish parental misconduct or for disobedience of court orders).

Further, the district court failed to set forth any findings that the modification to the parties' custody arrangement, albeit temporary, was in the children's best interest. *See Schwartz v. Schwatrz*, 107 Nev. 378, 382, 812 P.2d 1268, 1270-71 (1991) (providing that the child's best interest is the polestar of custody decisions). Graves has been the primary

custodian for the past five years, and if she is unable to return to Las Vegas as she represented, the children will live primarily with Kuykendall. For such a modification to custody, the court was required to consider the children's best interest and its failure to do so constitutes an arbitrary and capricious abuse of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Moreover, considering the parties' arguments in relation to the NRAP 8(d) factors, we conclude that they balance in favor of a stay of the district court's order and maintaining the status quo until the district court can consider the issue of custody at the November 2015 evidentiary hearing. The children have been attending school in Reno, and even if they returned to Las Vegas to live with Kuykendall, it appears that they would be attending a different school than the one they had previously attended in Las Vegas.

Accordingly, we grant this petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to stay its August 24, 2015, written order pending the evidentiary hearing and decision on custody and relocation scheduled for November 2015 in District Court Case No. D-10-431675. We note that our stay does not preclude the parties or the district court from establishing a temporary visitation schedule.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A

3

CHERRY, J., concurring:

I concur in the result only, and I would encourage the district court to conduct the evidentiary hearing immediately, as time is of the essence in matters of child custody.

_____ , J.
Cherry

cc:    Hon. William S. Potter, District Judge, Family Court Division
       Pecos Law Group
       Rhonda L. Mushkin, Chtd.
       Eighth District Court Clerk